UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GWYNNELL D. CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:10-cv-01239-TWP-DKL |
| MICHAEL J. ASTRUE Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON APPLICATION FOR ATTORNEY FEES
### UNDER THE EQUAL ACCESS TO JUSTICE ACT

#### I. BACKGROUND

This matter is before the Court on the motion by Plaintiff Gwynnell D. Chambers ("Ms. Chambers") for an award of attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Ms. Chambers applied for Disability Insurance Benefits ("DIB") based on severe physical impairments. Her application was denied initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review, and Ms. Chambers prevailed on judicial review when this Court remanded her case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). For the reasons discussed below, Ms. Chambers's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 25) is **GRANTED in part** and **DENIED in part**.

#### II. DISCUSSION

The EAJA provides that a successful litigant against the federal government is entitled to recover attorney's fees if: (1) she was a "prevailing party"; (2) the government's position was not

"substantially justified"; (3) there existed no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Ms. Chambers was the prevailing party and her fee application was filed timely. Her counsel seeks compensation for 38.50 hours of attorney time at the rate of $168.87 per hour for a sub-total of $6,501.49, plus reimbursement of $350.00 for the filing fee, for a total of $6,851.49. Ms. Chambers also asks for an additional $3,575.95 for the preparation of the reply brief for her EAJA petition, which represents 20.70 hours at a rate of $172.75 per hour for work done in 2011. The Commissioner, however, opposes the attorney's fee and contends that the Agency was substantially justified in its litigation position and the fee requested is unreasonable. Alternatively, the Commissioner asks the Court to reduce the award because the hourly rate sought is unreasonable.

**A.     The Commissioner's position was not substantially justified.**

The Commissioner has the burden of establishing that his position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In *Pierce,* the Court emphasized that "a position can be justified even though it is not correct . . . if it has a reasonable basis in law and fact." *Id.* at 566 n.2; *see also Mogg v. Astrue*, 266 Fed. Appx. 470 (7th Cir. 2008). To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation position and then makes one determination as to the entire civil action. *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011).

In finding that this case should be remanded, the Court noted that the ALJ did not adequately apply and analyze the factors in 20 C.F.R. § 404.1527(d) after determining that Ms.

2

Chambers's treating physician's opinion was not entitled to controlling weight. Dkt. 24 at 15-18. The Commissioner argues that this finding is "primarily an articulation error that does not equate with a lack of substantial justification." *See Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Typically, it takes something more egregious than just a run-of-the mill error in articulation to make the Commissioner's position unjustified—something like the ALJ ignoring or mischaracterizing a significant body of evidence, or the Commissioner's defense of the ALJ's opinion on a forbidden basis. *Bassett*, 641 F.3d at 860.

In this case, the reasons for the Court's remand were more than an articulation error. The ALJ failed to follow longstanding agency regulations and judicial precedent which requires that an ALJ apply the factors in 20 C.F.R. § 404.1527(d)(2) once he has decided not to give the treating physician's opinion controlling weight. *See Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). Social Security Ruling 96-2p states that even where an ALJ finds that a treating physician's opinion is not entitled to controlling weight, the opinion is still entitled to some level of deference based upon an analysis of these factors. *See Thompkins v. Astrue*, No. 09 C 1339, 2011 WL 3325795, at *2 (N.D. Ill. Aug. 2, 2011) ("When an ALJ decides not to give controlling weight to a treating physician's opinion, he must still assign it a specific weight."). This is not merely a failure to articulate on the part of the ALJ, but rather a failure to perform a necessary analysis as required by the regulations and Seventh Circuit case law. As such, the Court finds that the Commissioner's position was not substantially justified.

**B.     The fee increase is reasonable.**

Next, the Commissioner asks the Court to reject the amount of Ms. Chambers's application for EAJA fees and to award any fees at a reduced rate and amount. Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that

3

an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011).

Ms. Chambers's counsel has calculated an increase in the cost of living using the Midwest Urban Consumer Price Index ("CPI") for January 2011, arriving at a rate of $168.87 per hour. The Commissioner argues that Ms. Chambers's counsel has failed to show that inflation has increased his cost of providing adequate legal service to a person seeking relief against the government and that, without the enhanced hourly rate, a competent lawyer in the geographic area would not handle such a Social Security case.

A cost of living increase is not automatically added to the statutory fee. *Mathews-Sheets*, 653 F.3d at 563. However, an attorney is not required to show both that inflation justifies a higher fee *and* a special factor such as the unavailability of lawyers able to handle such cases at a lower rate in the relevant geographic area. *Id.* at 565. Ms. Chambers's counsel has stated that his hourly rate for non-Social Security cases is $190.00, and will be increasing to $200.00 per hour. He additionally states that if he were only permitted to recover $125.00 per hour under the EAJA, he would have to reconsider doing Social Security work in federal court. The Court finds that Ms. Chambers's counsel has shown that inflation has had an impact upon not just his social security work, but his practice as a whole as reflected by his increasing hourly rates. Therefore, the Court finds that the increase above the statutory amount is reasonable, and Ms. Chambers is entitled to the requested hourly rate of $168.87.

**C.     The fees requested for litigating the EAJA fee petition are excessive and unreasonable.**

In her Reply, Ms. Chambers also requests an additional amount for time spent preparing the EAJA reply brief, constituting 20.70 hours of additional work at an hourly rate of $172.75, based upon the December 2011 CPI.  This would bring the total requested fee award to $10,077.41.  In finding that a prevailing litigant may recover the costs of litigating an EAJA fee petition, the Supreme Court has stated that "[t]he EAJA . . . provides district courts discretion to adjust the amount of fees for various portions of the litigation . . . .  The purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute."  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 165-66 (1990).

While recognizing that a prevailing party may be awarded fees associated with litigating an EAJA petition, the Court finds that 20.70 hours spent on a reply brief is unreasonable, particularly considering that counsel only expended 38.5 hours of representation on the entire social security appeal itself.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (hours that are excessive, redundant or otherwise unnecessary may be excluded from a fee petition).  Ms. Chambers's counsel himself admits that "the number of hours spent on this reply are unquestionably much higher than normal," but justifies this based upon the novelty of the issues raised in the Commissioner's Response and the importance of the decision to other attorneys representing social security disability litigants.  Dkt. 30 at 14.  While the issues argued in the brief may be of importance to "the Social Security disability attorneys throughout the Seventh Circuit," the purpose of the EAJA is to benefit the prevailing party, not the social security disability bar as a whole.  In addition, the Commissioner frequently argues in opposition to EAJA petitions that its position was substantially justified and that the prevailing party failed to

justify a rate above the statutory maximum, so the issues raised by the Commissioner in this case are not particularly novel. Therefore, the Court finds that 10.35 hours is a reasonable number of hours spent preparing the reply brief for Ms. Chambers's EAJA petition, and that the $172.75 rate for 2011 is justified for the reasons stated above. Ms. Chambers is entitled to an additional $1,787.96 in fees associated with litigating her EAJA petition.

### III. CONCLUSION

Ms. Chambers's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 25) is hereby **GRANTED in part** and **DENIED in part**. For the reasons set forth above, the Court finds the amount of $8,289.45 in attorney fees plus $350.00 in costs for a total award of $8,639.45, to be reasonable. The Court awards to Ms. Chambers attorney's fees and costs under 28 U.S.C. § 2412(d) in the amount of $8,639.45, and the Commissioner shall direct that the award be made payable to Ms. Chambers's counsel consistent with the assignment in the record (Dkt. 26-1).

**SO ORDERED**.

Date: 05/16/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov